# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

Thomas Hall,                                      )
                                                  )
                    Plaintiff                     )
                                                  )
            vs.                                   )    Case No. 14-2268
                                                  )    *(The case number will be assigned by the clerk)*
① S.A. Godinez                                    )
Director of Illinois Dept. of Corr.               )
                                                  )    FILED
② Kieth Anglin                                    )    OCT 28 2014
Warden\Administrator of                           )
Danville Corr. Center                             )    CLERK OF THE COURT
                                                  )    U.S. DISTRICT COURT
③ Pat Quinn                                       )    CENTRAL DISTRICT OF ILLINOIS
Governor of Illinois                              )    URBANA, ILLINOIS
                                                  )
                    Defendant(s)                  )

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

[☒] 42 U.S.C. §1983 (state, county or municipal defendants)

[ ] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

[ ] Other federal law: _____

[ ] Unknown _____

## I. FEDERAL JURISDICTION

*\*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

1

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Thomas Hall

Prison Identification Number: B-42795

Current address: 3820 East Main Street, Danville Illinois 61834-5796

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: S.A. Godinez

Current Job Title: Director Illinois Dept. of Corrections

Current Work Address: P.O. Box 19277 - 1301 Concordia Ct. Springfield, Illinois 62794-9277

Defendant #2:

Full Name: Kieth Anglin

Current Job Title: Warden/Head Administrator of Danville C.C.

Current Work Address: 3820 E. Main St. Danville Ill. 61834-5796

Defendant #3:

Full Name: Pat Quinn

Current Job Title: Governor of Illinois

2

Current Work Address  100 W. Randolf St. (Suite 16-100) Chicago, Illinois 60601    Ph.# 312-814-2121

Defendant #4:

    Full Name: _____

    Current Job Title: _____

    Current Work Address _____

Defendant #5:

    Full Name: _____

    Current Job Title: _____

    Current Work Address _____

*For additional defendants, provide the information in the same format as above on a separate page.*

### III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal *in forma pauperis* in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?    Yes ☐    No ☒

If yes, please describe _____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐    No ☒

C. If your answer to B is yes, how many? _____ Describe the lawsuit(s) below.

1. Name of Case, Court and Docket Number
_____

2. Basic claim made _____

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) _____

*For additional cases, provide the above information in the same format on a separate page.*

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution? Yes ☒ No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☒ No ☐

If your answer is no, explain why not _____

C. Is the grievance process completed? Yes ☒ No ☐

SEE:

D. Appeal to the Appellate Court included herein as pgs. 9B-9G
Appellate Decision
First Division
10-24-14 ENTERED ORDER
# 2014 IL. App. (1ST) 122868

### V. STATEMENT OF CLAIM

Place(s) of the occurrence __Danville Correctional Center__

4

Date(s) of the occurrence  1-1-11; 6-9-13; 7-26-13; 9-24-13; 11-3-13; 6-17-14; 7-14-14...

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

1. On 1-1-11 Gov. P. Quinn created a liberty interest by giving petitioner Hall an earlier pre-expected release date of 11-26-12 by signing into law 2011 S.B. 2621 (NS)(eff 1-1-11) for non-violent and 1st time offenders without including safeguards to assure each prisoner is treated equal by law, and by giving prison officials "standardless discretion" that created a dis-incentive to Legislative intent and to the codification of procedures in which created Hall's liberty interests that adhere in the Due Process clause itself. (SEE: Page 13 and 730 ILCS 5/3-6-3)

2. All of 2011 and 2012 Hall repeatedly requested from Danville staff to submit him for good conduct sentence credit as required by law, just to be told on 1-4-13 by Danville staff that I.D.O.C. did not know how to implement S.B. 2621; S.B. 2021 and 730 ILCS 5/3-6-3 (2012). (SEE: Pages 11A, 11B, 12)

3. On 7-9-13 Hall submitted grievance #13DN8\48 citing Warden Anglin and Director Godinez is effecting duration of Hall's sentence and violates Due Process by refusing to award or submit him for sentence credit that is awarded to those prisoners similarly situated. (SEE: Pages 11A THRU 13)

4. On 8-23-13 Warden Anglin who is Chief Administration Officer for Direct- Godinez, Ill. Dept. of Corrections is responsible for his staff's action's, and by concurring then denying grievance #13DN 8\48 (SEE: Page 12) subjecting Hall to a longer period of incarceration, un-due stress and mental anguish (SEE: 10, 24 THRU 27)

5. On 7-26-13 Hall was denied parole by Warden Anglin. Violating Halls' Parole without release from I.D.O.C. custody by implementing a "Turn Around" policy citing it is against the law to be homeless, regardless of

of all the viable host sites denied by Illinois Parole Officers and/or Half-way Houses and Shelters across Illinois I.D.O.C. refuses to use as a resource in my release. (SEE: Pages 17 A, B, C)

6. On 11-3-13 Hall wrote grievance #13DN 12/37 (SEE: Page 17) citing that 2011 S.B. 2621 (NS) should of been awarded toward the original 7 year sentence to reduce the duration of the 3 year mandated parole sentence that I.D.O.C. is unconstitutionally forcing Hall to serve consecutively. (See: Page 13)

7. On 12-17-13 Warden Anglin denied Hall's grievance (SEE: Page 17) #13 DN 12/37 stating and/or agreeing that Supplemental Sentence Credit is an Adiministrative decision. Thus, Warden Anglin as Administrative Officer and underling to Director Godinez failed in his duty and obligation to Hall's request for mandated good time without giving no consideration to his eligibility, or application for said good sentence credit, (SEE: Page 17B) to reduce his duration of incarceration.

8. From 7-26-13 to 12-23-13 Hall was denied contact with his assigned counselor J. Tate in which caused Hall undue mental distress. Also, the arbitrary, capricious and retalitory treatment by defendant's, et.al. is due to the grievances (pages 18,17 and 20) filed against Danville C.C., IDOC and its staff.

9. On 6-9-14 Ms. Knauer of Admin. Rev. Board (Page 16) violated Hall's Due Process and IDOC rules and regulation by failing to respond and finalize the grievance process in a timely manner. (13 months start to finish Pg. 18) and refusing to give Hall a written explanation as to why he was not submitted or denied for sentence credit.

10. Hall's sworn declaration of the hardship's that form the basis for protected liberty interest caused by defendant(s) et.al., are as follows:
   A. Not being treated equal under the law by awarding sentence credits to those prisoners who are similarily situated.
   B. Denying statutory sentence credit (SSC) effect's duration of Hall's sentence.

C. Denying (SSC) affects duration of 3 year parole sentence currently being served consecutively to the original 7 year term to IDOC.

D. Denying (SSC) affects duration of 10 year Arson Registration beginning from day of release. ILCS 730-140/7.

E. Denying (SSC) affects duration of 10 year registration fees, creating additional financial hardships for undue extended period of time.

F. Denying (SSC) affects duration of liberty and loss wages.

G. Denying (SSC) affects duration away from family and friends creating continious mental and physical stress.

H. Hall is suffering from stress and pain caused by a permanent shoulder injury (see: Page 21) while in custody of the Defendants et. al., denying him a MRI or physical therapy as curative measures. (See: Grievance on page 20)

I. Hall's physical, mental and emotional suffering is being endured as a direct result of defendant's reckless and callous disregard for Hall's Federal and State right(s) to Due Process.

10. see: pg. 7B     Respectfully submitted,

                    Thomas J. Hall

Date: 7-24-14

* Please refer to page 7B for number #10 final argument for the plaintiff

Thomas Hall, petitioner
Reg. # B-42795
Danville Corr. Center
3820 East Main St.
Danville, IL, 61834

Claim #10

Due Process was denied petitioner when prison officials denied meaningful hearing of Hall's claims of being held beyond expiration of sentence because interest in avoiding administrative burden and culpability outweighed Hall's wrongful detention.

I informed the Department my sentence and parole sentence was illegal (pg.14) sentence and should of been 2 years parole instead of 3. (pg.19).

Because of the illegal sentence and MSR sentence Hall has mental and emotional distress (pg. 24, 27) where he never needed medicine to control his anxieties, nor never experienced any depression that needed counseling because of the capricious treatment of the Danville Administrations handling or processing of his parole concerns and incarceration since October 2010.

On 10-23-14 Hall informed the Warden of the Appellate Court decision (see: 9B-9G) and requested automatic release, due to illegal sentence and M.S.R. without response at this time.

Thank-you for your time!

Dated: 10/24/14

Respectfully,

T. Hall petitioner

Thomas Hall 10-24-14
affiant

# RELIEF REQUESTED

1. Award compensatory damages due to mental and emotional distress as physical injury. B. Award monetary and punitive damages for illegal incarceration that is creating atypical and significant hardships due to loss wages, undue loss of liberty, loss of time with family. C' Enter and issue an "Order" for Automatic release from the Illinois Department of Corrections.

2. A jury trial to decide on any punitive or monetary damages "if any" from the defendants et. al. for causing undue pain and suffering of physical and emotional distress endured as a direct result of Due Process violations stated with this petition.

3. I pray for any other relief this Honorable Court may deem just and necessary.

JURY DEMAND   Yes ☒   No ☐

Signed this 24th day of July, 2014.

*Thomas Hall*
(Signature of Plaintiff)

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Thomas Hall | #B-42795 |
| Address: | Telephone Number: |
| 3820 E. Main St. Danville, IL. 61834 | 217-558-2200 |

8